# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

ANDREW C. NEAL, JR.  PLAINTIFF
SCDC #8600

v.                              3:20-cv-00200-JM-JJV

STATE OF ARKANSAS, *et al.*  DEFENDANTS

## ORDER

Plaintiff Andrew C. Neal, Jr. ("Plaintiff"), incarcerated at the Sharp County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1.) He sued the State of Arkansas, the Arkansas Supreme Court, Sharp County Sheriff Mark Counts, Sharp County Jail Administrator Serena Martin, Judges Michelle Huff, Harold Erwin, Joe Grider, III, Prosecuting Attorney Henry Boyce, and Deputy Prosecuting Attorney Ryan Cooper; he sued all Defendants in their personal and official capacities.[2] (*Id*. at 1-8.) Plaintiff's incarceration at the Sharp County Detention Center triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A; *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status).

---

[1] Plaintiff paid the full $400 filing and administrative fee rather than seeking in forma pauperis status. (Doc. No. 3.)

[2] Fourteen other individuals have filed the same Complaint. Those cases are: *Henson v. State of Arkansas, et al.*, 3:20-cv-00201 (E.D. Ark.); *Stafford v. State of Arkansas*, 3:20-cv-00202 (E.D. Ark.); *Ray v. State of Arkansas*, 3:20-cv-00203 (E.D. Ark.); *Kelly v. State of Arkansas*, 3:20-cv-00204 (E.D. Ark.); *Krumm v. State of Arkansas*, 3:20-cv-00205 (E.D. Ark.); *Schuldheisz v. State of Arkansas*, 3:20-cv-00206 (E.D. Ark.); *Daniel v. State of Arkansas*, 3:20-cv-00207 (E.D. Ark.); *Roberts v. State of Arkansas*, 3:20-cv-00208 (E.D. Ark.); *Mask v. State of Arkansas*, 3:20-cv-00209 (E.D. Ark.); *Penix v. State of Arkansas*, 3:20-cv-00210 (E.D. Ark.); *Dusseau v. State of Arkansas*, 3:20-cv-00211 (E.D. Ark.); *Kennedy v. State of Arkansas*, 3:20-cv-00212 (E.D. Ark.); *Bunch v. State of Arkansas*, 3:20-cv-00213 (E.D. Ark.); and *Guthrie v. State of Arkansas*, 3:20-cv-00214 (E.D. Ark.).

**I.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

**II.    PLAINTIFF'S COMPLAINT**

Plaintiff named multiple Defendants, but he made no specific factual allegations against any of them. (Doc. No. 1.) Plaintiff's complaints are Covid-19 related. In his statement of claim,

Plaintiff alleges quarantine is not possible in the Sharp County Detention Center.  (*Id*. at 10.)  He then lists bullet points, including:

> bio-hazard – crimes against humanity; exposure to Covid-19 virus eminent; quarantine not plausible; person family member tested (+) for Covid-19 (relative - sister); masked – first given to detainees on Jun 28, 2020 (March 16, 2020); exposure – detainee sister tested (+) Covid-19 in Kansas City detainee was around her.

(*Id*.)

Attached to Plaintiff's Complaint are numerous Sharp County Detention Center grievance forms, the majority of which were not filed by Plaintiff.  (*Id*. at 12-28.)  One grievance filed by Plaintiff reads:

> Someone not in SCDC for 14-day quarantine over Covid-19 virus is attempted murder on all 18 other detainees by SCDC Sheriff, Jail Administrator, Jailers because due to lack of purifiers, bacteria showers, and recpirators, you okayed everyone detained in SCDC as expendable and marshall law is enforced on a national level by the President of the United States one Donald J. Trump.

(*Id*. at 12.)

Plaintiff seeks damages, among other relief.  (*Id*. at 11.)

As explained in detail below, Plaintiff's complaint as currently pled fails to state a claim upon which relief may be granted.

### A. Arkansas Supreme Court

Plaintiff filed suit under 42 U.S.C. § 1983.  The Arkansas Supreme Court, however, is not a "person" subject to suit under § 1983.  *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (internal citations omitted).

### B. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities.  Plaintiff identifies Defendants Huff and Erwin as Arkansas judges and Defendants Grider, Boyce, and Cooper as

3

prosecuting attorneys. Plaintiff's § 1983 damages claims against these Defendants in their official capacities are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff also named the State of Arkansas as a Defendant; those damages claims are likewise barred.

Plaintiff's official capacity claims against Defendants Martin and Counts are the equivalent of claims against Sharp County. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See id*.

Plaintiff has not alleged Defendants Martin and Counts acted pursuant to any policy, practice, or custom that was the moving force behind the alleged violation of her protected rights. (Doc. No. 1.) Accordingly, his Complaint as currently pled fails to state an official capacity claim against those Defendants.

    **B.**    **Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009).  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1. No Individual Action Alleged

Plaintiff named nine individuals as Defendants, but he made no specific factual allegations against any of them.  (Doc. No. 1.)  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Conditions of Confinement

Plaintiff indicated that he is currently in jail and still awaiting trial on pending criminal charges.  (Doc. No. 1 at 9.)  A pretrial detainee's conditions of confinement claim is governed by the standard set out by the United States Supreme Court in *Bell v. Wolfish*. 441 U.S. 520 (1979); *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020).  As announced in *Bell*, pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment from conditions of confinement that amount to punishment.  441 U.S. at 535.  Conditions amount to punishment under *Bell* if the conditions are intentionally punitive, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose.  *Stearns*, 957 F.3d at 907.  Mere negligence is insufficient to support a claim under *Bell*.  *Id*. at 908 n.5.

To the extent Plaintiff intended to make a conditions of confinement claim, he has not alleged individual action by any Defendant.  (Doc. No. 1.)

### 3. Deliberate Indifference to Serious Medical Needs

To the extent Plaintiff intended to make a deliberate indifference to serious medical needs claim, "[d]eliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."  *Dulany v. Carnahan*, 132 F.3d

1234, 1239 (8th Cir. 1997).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018).  "Mere negligence is not sufficient to support a cause of action under § 1983." *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff currently does not make sufficient allegations to support a deliberate indifference to medical needs claim.

### 4.     Retaliation

Plaintiff includes passing reference to retaliation.  (Doc. No. 1 at 10, 28.)  To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013)  (internal citation omitted).  Plaintiff failed to sufficiently allege retaliation.

### 5.     Claims on Behalf of Others

To the extent Plaintiff's Complaint makes claims on behalf of other inmates, *pro se* litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action.  *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994).

### C.     Amended Complaint

Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint.  Plaintiff is cautioned that an Amended

Complaint renders his original Complaint without legal effect. Only claims properly set out in Plaintiff's Amended Complaint, if he opts to file one, will be allowed to proceed. **Therefore, Plaintiff's Amended Complaint should:**

**1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, and indicate dates, times, and places, if applicable; 3) indicate whether he is suing each defendant is his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions allegedly harmed him personally; (6) explain the relief he seeks; and (7) otherwise cure the defects explained above and set out viable claims.**

**Also, only claims properly joined under Rule 20 of the Federal Rules of Civil Procedure[3] will be allowed to proceed together in one lawsuit.**

**Further, I point out that Federal Rule of Civil Procedure 8(a) requires that a complaint set out "a short and plain statement of the statement showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).**

**If Plaintiff decides not to submit an Amended Complaint within thirty (30) days of the date of this Order, I will recommend his claims against Defendants be dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).**

---

[3] Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).

IT IS THEREFORE ORDERED that:

1. The Clerk of Court shall mail Plaintiff a new § 1983 complaint form.

2. If he so wishes, Plaintiff may complete the new complaint form in its entirety in accordance with this Order, mark it as an "Amended Complaint," and file it within 30 days of the date of this Order. Plaintiff's failure to timely file an amended complaint may result in the dismissal of his claims pursuant to Local Rule 5.5(c)(2).

DATED this 12th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE