**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ANDREW C. NEAL, JR.                                                                                       PLAINTIFF
SCDC #8600

v.                                              3:20-cv-00200-JM-JJV

STATE OF ARKANSAS, *et al*.                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Plaintiff Andrew C. Neal, Jr. ("Plaintiff") is incarcerated at the Sharp County Detention Center. On July 22, 2020, he filed this action *pro se* pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1.) He sued the State of Arkansas, the Arkansas Supreme Court, Sharp County Sheriff Mark Counts, Sharp County Jail Administrator Serena Martin, Judges Michelle Huff, Harold Erwin, Joe Grider, III, Prosecuting Attorney Henry Boyce, and Deputy Prosecuting Attorney Ryan Cooper; he sued all Defendants in their personal and official capacities.[2] (*Id.* at 1-8.) Plaintiff's

---

[1] Plaintiff paid the full $400 filing and administrative fee rather than seeking in forma pauperis status. (Doc. No. 3.)

[2] Fourteen other individuals filed the same Complaint. Those cases are: *Henson v. State of Arkansas, et al.*, 3:20-cv-00201 (E.D. Ark.); *Stafford v. State of Arkansas*, 3:20-cv-00202 (E.D. Ark.); *Ray v. State of Arkansas*, 3:20-cv-00203 (E.D. Ark.); *Kelly v. State of Arkansas*, 3:20-cv-00204 (E.D. Ark.); *Krumm v. State of Arkansas*, 3:20-cv-00205 (E.D. Ark.); *Schuldheisz v. State of Arkansas*, 3:20-cv-00206 (E.D. Ark.); *Daniel v. State of Arkansas*, 3:20-cv-00207 (E.D. Ark.); *Roberts v. State of Arkansas*, 3:20-cv-00208 (E.D. Ark.); *Mask v. State of Arkansas*, 3:20-cv-00209 (E.D. Ark.); *Penix v. State of Arkansas*, 3:20-cv-00210 (E.D. Ark.); *Dusseau v. State of Arkansas*, 3:20-cv-00211 (E.D. Ark.); *Kennedy v. State of Arkansas*, 3:20-cv-00212 (E.D. Ark.); *Bunch v. State of Arkansas*, 3:20-cv-00213 (E.D. Ark.); and *Guthrie v. State of Arkansas*, 3:20-cv-00214 (E.D. Ark.).

incarceration at the Sharp County Detention Center triggered automatic screening of his complaint. *See* 28 U.S.C. § 1915A; *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status). Upon initial screening, I advised Plaintiff that his Complaint failed to state a claim upon which relief may be granted and explained why. (Doc. No. 6.) I gave Plaintiff the chance to file a superseding Amended Complaint, which he did on August 25, 2020. (Doc. No. 6 at 6-7; Doc. No. 9). Plaintiff was informed that the Court will only consider claims properly pled in a Complaint or Superseding Amended Complaint, and that the Court would not consider claims set out in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure. (Doc. No. 2 at 2; Doc. No. 6 at 6-7.)

In his Amended Complaint, Plaintiff sued the State of Arkansas; the Arkansas Supreme Court; Judges Michelle Huff and Harold Erwin; Court Reporters Rita Woods and Joyce Wheeler; Court Clerk Alisa Black; Prosecuting Attorneys Henry Boyce, Joe Grider, III, and Ryan Cooper; Sharp County Sheriff Mark Counts; Chief Deputy Arron Presser; Jail Administrator Serena Martin; and Jailors Sloan Lane and Bobby Glenn. (Doc. No. 9.) He sued all Defendants in their personal and official capacities.[3] (*Id.* at 7.) Plaintiff's claims fall into two general categories: those challenging his detention and those directly related to his time at the Sharp County Detention Center.

As I interpret Plaintiff's Amended Complaint, he alleges the State of Arkansas, the Arkansas Supreme Court, Judges Huff and Erwin, and Prosecuting Attorneys Boyce, Grider, and Cooper wrongfully detained him. As to the State of Arkansas, Plaintiff alleges, in part, that the Arkansas Supreme Court's ruling "to shut down the court(s)" is responsible for his "health and

---

[3] The Amended Complaint names 15 individuals as Plaintiffs: Plaintiff, along with same additional 14 individuals mentioned above in connection with the original Complaint.

3

safety during this time for shut-down starting late Feb/early March and for all 'non-violent' offenders to be released, (reduced bond, O.R.'s, bonds not excessive)." (*Id*.) Plaintiff claims his charge is not in connection with a physical crime, and that since an "empty robe and vacant bench can't implement laws," the Arkansas Supreme Court is responsible for the actions of its employees. (*Id*. at 12-13.)

Plaintiff claims Judge Huff did not uphold "the laws or Constitutions of Arkansas and [the] United States; which is her oath on October 03, 2019 and March 12, 2020, which violates justice and my health and life due to Plaintiff would be present if Michelle Huff would've upheld the law . . . ." (*Id*. at 15.) Plaintiff maintains his charge "is a non-violent offense . . . but can't overrule a Supreme Court of another State . . . ." (*Id*.) Plaintiff makes the same allegations against Judge Erwin, except the alleged violations took place on different dates. (Doc. No. 9 at 15.)

Plaintiff also makes those same allegations against Defendant Grider, and then elaborates by adding Defendant Grider lied in open court to judges and that he is "trying for double jeopardy, [and] overruling another state's supreme court in a lower circuit court," among other things. (*Id*.) Defendant Cooper purportedly engaged in that same behavior, along with refusing to charge Plaintiff officially on July 31, 2019, which "put Plaintiff here during this," in addition to other allegations. (*Id*. at 16.) Plaintiff's allegations against Defendant Boyce are similar, with the addition that Defendant Boyce "wasn't watching over his deputy(s)," among others. (*Id*.)

As a result, Plaintiff is detained in the Sharp County Detention Center. His claims against Defendants Counts, Martin, Lane, Glenn, and Presser are in connection with his experience at the Detention Center. In his statement of claim, Plaintiff alleges quarantine is not possible in the Detention Center. (*Id*. at 10.) He then lists points, including:

> Covid-19 (March 2020 to present); a.k.a. Covid-Virus (March 2020 to present); quarantined not possible in Sharp County Detention Center, Sharp County, Ash

>Flat, AR 72513 (March 2020 to present); bio-hazard – crimes against humanity (March 2020 to present); exposure to Covid-19 virus eminent; quarantine not plausible (March 2020 to present); person family member tested (+) for Covid-19 (relative -sister); masked – first given to detainees on Jun 28, 2020 (March 16, 2020); exposure – detainee sister tested (+) Covid-19 in Kansas City detainee was around her.

(*Id*. at 11.)

Plaintiff asserts Defendant Martin violated quarantine protocols and failed to implement exposure protocols. (Doc. No. 9 at 13.) He also alleges she is "sexist due to releasing every female," and that she has retaliated against him for filing lawsuits in this Court. (*Id*. at 14.)

According to Plaintiff, Defendant Counts refuses to "control protocols and correct violations of quarantine and exposure . . . ." (*Id*. at 17.) Plaintiff further alleges Defendant Counts should ensure detainees are not "maltreated, threatened, harassed, retaliated against, and that Plaintiffs (Detainees) are treated fairly, not leaky sewer, no fresh water," and more. (*Id*.) Plaintiff asserts it is also Defendant Counts's duty to "punish those who violate or/or keep violating protocols and make sure his Jail Administrator(s) . . . treat . . . detainees . . . as humans . . . ." (*Id*.)

In making allegations against Defendant Presser, Plaintiff asks the Court to refer to his allegations against Defendant Counts and then specifically alleges Defendant Presser should "keep Plaintiff(s) safe and charge people, administration or not, with charges like retaliation, hindering prosecution, hindering defense, witness tampering, maltreatment, threats of rape w/ foreign object, not just look the other way and be okay with it . . . and okay with Plaintiff(s) being kept against the law . . . ." (Doc. No. 9 at 18.)

Plaintiff's allegations against Defendant Lane are brief: "Jailor grievances from August 19, 2020 and security camera video as evidence." (*Id*. at 18.) Plaintiff did not, however, attach any grievance or video to his Amended Complaint. Plaintiff likewise refers the Court to grievances

5

and video for his claim against Defendant Glenn.  (*Id*.)  Again, Plaintiff did not attach any grievance or video regarding Defendant Glenn to his Amended Complaint.

Plaintiff makes no allegations against Defendants Woods, Wheeler, and Cooper. Plaintiff makes allegations, such as lack of access to a law library, without specifying against which Defendant he makes his claims.  (*Id*. at 25-31.)

Plaintiff seeks damages and "possible charges."   (*Id*. at 19-20, 32-34.)

I will now continue screening the claims in Plaintiff's Amended Complaint.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighed in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his

complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

As explained in more detail below, some of Plaintiff's claims are not properly joined here, some fail to state a § 1983 claim on which relief may be granted, and others will be served.

#### A. Arkansas Supreme Court

Plaintiff filed suit under 42 U.S.C. § 1983 naming the Arkansas Supreme Court, among others, as a Defendant. The Arkansas Supreme Court, however, is not a "person" subject to suit under § 1983. *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (internal citations omitted). Plaintiff's claims against the Arkansas Supreme Court fail as a matter of law and should be dismissed.

#### B. Class Action Allegations

Plaintiff refers to this lawsuit as a class action. *Pro se* litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlayer . . . has no right to represent another entity."). Because Plaintiff is a not a lawyer, any characterization of this suit as class certification is improper.

#### C. Defendants Not Properly Joined

Defendants may be sued together in one lawsuit if the claims arise from the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action.  FED. R. CIV. P. 20(a)(2).  When Defendants are not properly joined under Rule 20 of the Federal Rules of Civil Procedure, the Court may drop the improperly joined party pursuant to Rule 21 if doing so will not prejudice a substantial right, that is, if dropping the party would not "result in the loss of otherwise timely claims."  *Strandlund v. Hawley*, 532 F.3d 741, 745-46 (8th Cir. 2008); *see also* FED. R. CIV. P. 21.  When I gave Plaintiff the chance to amend his complaint, I cautioned him that only claims properly joined under Rule 20 of the Federal Rules of Civil Procedure will be allowed to proceed together in one lawsuit; I also provided the requirements for joinder under Rule 20.  (Doc. No. 6 at 7.)

There does not appear to be any question of law or fact common to all Defendants in this action.  Plaintiff's claims, in effect, that the State of Arkansas, Judges Huff and Erwin, and Prosecuting Attorneys Boyce, Grider, and Cooper wrongfully detained him.  His claims in connection with the remaining Defendants are directly related to the Sharp County Detention Center.  Accordingly, I find Defendants State of Arkansas, Judges Huff and Erwin, and Prosecuting Attorneys Boyce, Grider, and Cooper are not properly joined here and should be dismissed from this action for that reason.

I further note that if Plaintiff's claims against these Defendants proceeded here, it appears immunity would bar those claims.

### C.   **Personal Capacity Claims**

Remaining are Plaintiff's claims against Defendants Counts, Martin, Woods, Wheeler, Lane, Glenn, Presser, and Black.  Plaintiff brought suit under 42 U.S.C. § 1983.  To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law

deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1.     No Allegations Against Defendants Woods, Wheeler, and Black

Plaintiff included Court Reporters Rita Woods and Joyce Wheeler, as well as Court Clerk Alisa Black, as Defendants, but he made no allegations against either of them. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff failed to include any factual allegations against Defendants Woods, Wheeler, and Black, his claims against them should be dismissed.

### 2.     Insufficient Allegations Against Defendants Presser, Lane and Glenn

In connection with Defendant Presser, Plaintiff referred the Court to his allegations against Defendant Counts, and then specifically alleged Defendant Presser should "keep Plaintiff(s) safe and charge people, administration or not, with charges like retaliation, hindering prosecution, hindering defense, witness tampering, maltreatment, threats of rape w/ foreign object, not just look the other way and be okay with it . . . and okay with Plaintiff(s) being kept against the law . . . ." (Doc. No. 9 at 18.) Plaintiff set out what, in his opinion, Defendant Presser should do. But Plaintiff's allegations are insufficient for me to determine what Defendant Presser should not have

9

done—how Defendant Presser acted to violate Plaintiff's federally-protected rights.  As such, his claims against Defendant Presser should be dismissed.

Plaintiff's allegations against Defendant Lane are brief: "Jailor grievances from August 19, 2020 and security camera video as evidence." (*Id*. at 18.)  Plaintiff did not, however, attach any grievance to his Amended Complaint.  Plaintiff likewise refers the Court to grievances and video for his claim against Defendant Glenn.  (*Id*.)  Again, Plaintiff did not attach any grievance to his Amended Complaint.  And again, Plaintiff's allegations are insufficient for me to determine how Defendant Lane or Defendant Glenn acted to violate Plaintiff's federally-protected rights.  As such, these claims should be dismissed.

### 3. Defendant Counts

For screening purposes, Plaintiff has stated a conditions of confinement claim against Defendant Counts.  That claim will be served.

Plaintiff also alleges Defendant Counts should punish those who violate protocol.  To the extent Plaintiff alleges corrective inaction, the standard for this claim is deliberate indifference to or tacit authorization of the unlawful acts.  *See, for example*, *Brockington v. City of Sherwood*, 503 F.3d 667, 673 (8th Cir. 2007) (internal citation omitted); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Mick v. Raines*, 883 F.3d 1075, 1080 (8th Cir. 2018).  Plaintiff has not, however, indicated Defendant Counts was aware of, but ignored, any unlawful act.  Accordingly, to the extent Plaintiff sought to make a corrective inaction claim, that claim should be dismissed.

### 4. Defendant Martin

For screening purposes, Plaintiff has stated a conditions of confinement claim, a retaliation claim, and an equal protection claim against Defendant Martin.  Those claims will be served.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims against the State of Arkansas, Arkansas Supreme Court, and Defendants Michelle Huff, Harold Erwin, Joe Grider, III, Henry Boyce, and Ryan Cooper be dismissed without prejudice as improperly joined.

2. Defendants State of Arkansas, Arkansas Supreme Court, and Defendants Michelle Huff, Harold Erwin, Joe Grider, III, Henry Boyce, and Ryan Cooper be dismissed as parties from this lawsuit.

3. Plaintiff's claims against Defendants Rita Woods, Joyce Wheeler, Sloan Lane, Bobby Glenn, Arron Presser, and Alisa Black be dismissed without prejudice for failure to state a claim on which relief may be granted.

4. Defendants Rita Woods, Joyce Wheeler, Sloan Lane, Bobby Glenn, Arron Presser, and Alisa Black be dismissed as parties from this lawsuit.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 31st day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE